IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALI AQEEL, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:21-cv-00181 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| LIBERTY INSURANCE | ) | |
| CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

In this putative class action, pending before the Court is "Plaintiffs' Motion To Transfer Venue Pursuant To 28 U.S.C. § 1406(a) Or, In the Alternative, To Stay The Litigation Due To Overlapping Class Proceedings In The District Of Massachusetts" (Doc. No. 131, "Motion"). Via the Motion, Plaintiffs, Ali Aqeel ("Plaintiff Aqeel"), Laurel Readinger ("Plaintiff Readinger"), and Levi Bartholomew ("Plaintiff Bartholomew," and with Plaintiff Readinger, "Ohio Plaintiffs"), move the Court for an order "transferring this case to the United States District Court for the District of Massachusetts, Boston Division, pursuant to 28 U.S.C. § 1406(a)." (*Id.* at 1). Alternatively, Plaintiffs "request that the Court stay (or administratively close) this litigation pending resolution of overlapping class proceedings in the District of Massachusetts, in the event this Court is inclined to deny Plaintiffs' transfer request." (*Id.*). Plaintiffs filed an opening brief (Doc. No. 132, "Opening Brief") in support of the Motion. Defendants Liberty Insurance Corporation ("Defendant LIC") and Liberty Mutual Personal Insurance Company ("Defendant LMPIC," and collectively with Defendant LIC, "Defendant-Movants") filed a response (Doc. No.

139, "Response"), in opposition to the Motion. Plaintiffs filed a further reply (Doc. No. 143, "Reply") in further support of the Motion.

For the reasons described herein, the Court will **GRANT** the Motion (Doc. No. 131).

BACKGROUND[1]

1.  Case Background

On March 3, 2021, seven named Plaintiffs (Plaintiff Aqeel, the Ohio Plaintiffs, Dwight Seeley, Pamela Seeley, Arij Ali, and Malina Ali)[2] initiated the instant action by filing a complaint (Doc. No. 1, "Complaint") on behalf of a putative multistate class against Defendant LIC, Defendant LMPIC, and Safeco Insurance Company of Indiana ("Defendant Safeco").[3] All Original Plaintiffs were policyholders of insurance policies issued by one of the Defendants. (Doc. No. 1 at ¶¶ 22, 31, 40, 49, 58). The Complaint alleges that the Defendants "improperly withheld certain labor costs from their ACV payments"[4] to affected policyholders, thereby causing each affected policyholder to be "underpaid and deprived of the use of his or her money from the time he or she should have received it until the date the previously withheld amounts are finally recovered." (Doc. No. 132 at 5) (citing Doc. No. 1 at ¶¶ 6-9, 67-84, 86). On July 12, 2021, the Court entered an order

---

[1] When citing to a page in a document filed by one of the parties, the Court endeavors to cite to the page number ("Page __ of __") added by the Clerk's Office as part of the pagination process associated with Electronic Case Filing if such page number differs from the page number originally provided by the author/filer of the document.

[2] Herein, the Court will refer to the seven named Plaintiffs who brought the Complaint in this action collectively as the "Original Plaintiffs." The Court will refer to the remaining three named Plaintiffs in this action, Plaintiff Aqeel and the Ohio Plaintiffs, collectively as Plaintiffs.

[3] Herein, the Court will refer to these three Defendants collectively as the "Defendants," and (as noted above) to Defendant LIC and Defendant LMPIC collectively as "Defendant-Movants."

[4] For context, ACV stands for "actual cash value." (Doc. No. 1 at ¶¶ 1-2). ACV payments are payments made prospectively by insurance companies to policyholders for the undertaking of "repairs to damaged buildings and structures." (*Id.* at ¶ 2).

(Doc. No. 53, "Dismissal Order") dismissing from this action four of the Original Plaintiffs (Dwight Seeley, Pamela Seeley, Arij Ali, and Malina Ali), at their request.[5] Thus, only three named Plaintiffs remain in this action: Plaintiff Aqeel and the Ohio Plaintiffs. Plaintiffs assert in their Opening Brief, and Defendant-Movants do not contest, that "[Defendant] LIC was sued by Tennessee policyholder, [Plaintiff] Aqeel[,] [and] [Defendant] LMPIC was sued by two Ohio policyholders, [the Ohio Plaintiffs]." (Doc. No. 132 at 5) (citing Doc. No. 1 at ¶¶ 8-9). In other words, Plaintiff Aqeel's claims are against Defendant LIC, and the Ohio Plaintiffs' claims are against Defendant LMPIC.

Prior to the entry of the Dismissal Order, the Defendants filed a motion to dismiss (Doc. No. 26, "Motion to Dismiss") the claims of all the Original Plaintiffs except Plaintiff Aqeel. As relevant to the instant Motion, the Motion to Dismiss and its accompanying briefing (Doc. Nos. 27, 49, 54) addressed (among other things) whether the Court properly could exercise personal jurisdiction over Defendant LMPIC with respect to the Ohio Plaintiffs' claims against it.[6] The

---

[5] These Plaintiffs made their request in a purported notice of voluntary dismissal under Rule 41(a)(1)(A)(i) (Doc. No. 52), which the Court treated as a motion to drop claims and parties under Rule 21. (Doc. No. 53 at 1-2). As a result of the Dismissal Order, all claims against Defendant Safeco (as well as, of course, all claims of the specified four Original Plaintiffs) were dismissed, (Doc. No. 139 at 1 n.1; Doc. No. 132 at 1 n.1), and therefore the Court does not consider Defendant Safeco in the substance of its analysis on the instant Motion. Moreover, because all claims have been dropped against Defendant Safeco, the accompanying Order granting the Motion will direct the Clerk to terminate Defendant Safeco as a party defendant because all claims against it have been dropped. For clarity, the Court notes that it can discern no issues with directing the Clerk to drop Defendant Safeco as a party even though this is a putative class action. Indeed, courts regularly drop a particular defendant in a putative class action where all claims of the named plaintiffs have been dropped against that defendant. *See e.g., Moore v. U.S. Bank Nat. Ass'n*, No. 1:07-CV-01106, 2007 WL 2381953 (N.D. Ohio Aug. 17, 2007) (dismissing two (of three) defendants in putative class action where named plaintiffs no longer had claims against these defendants).

[6] Specifically, the briefing on the Motion to Dismiss also focused on whether the Court could exercise personal jurisdiction over claims brought against Defendant Safeco (in that some of the Original Plaintiffs brought claims against Defendant Safeco), over claims brought against Defendant LIC (to the extent any of the Original Plaintiffs (save for Plaintiff Aqeel) brought claims against Defendant LIC), and over any claims of the other Original Plaintiffs, save for Plaintiff Aqeel and the Ohio Plaintiffs, brought against Defendant LMPIC. These arguments have been mooted, first by the Dismissal Order, dismissing four of

Defendants also filed a motion for summary judgment (Doc. No. 29, "Motion for Summary Judgment") as to Plaintiff Aqeel's claims.

Subsequent to the filing of the Motion to Dismiss and the Motion for Summary Judgment, the Original Plaintiffs filed a motion to change venue pursuant to 28 U.S.C. § 1406(a) (Doc. No. 46, "First Motion to Change Venue") seeking to transfer this action to the United States District Court for the District of Massachusetts, Boston Division (hereinafter, sometimes, "District of Massachusetts"). Ultimately, the First Motion to Change Venue was denied without prejudice to Plaintiffs' prerogative to file a similar but updated motion. (Doc. No. 127). Plaintiffs then filed the instant Motion, which is now fully briefed and ripe for review.

2. <u>Related Case Developments</u>

In addition to the instant action, several other legal actions are relevant to the Court's analysis of the instant Motion. The Court will briefly review those actions below.

a. *Prior Ohio Case*

Prior to the filing of the instant action, the Ohio Plaintiffs brought a putative class action against Defendant LMPIC in the Southern District of Ohio ("Ohio Action"). *See Readinger v. Liberty Mutual Personal Ins. Co.*, No. 2:20-CV-06027-SDM-KAJ (S.D. Ohio).[7] The Ohio

---

the seven Original Plaintiffs, and second by the clarification that the Ohio Plaintiffs have only brought claims against Defendant LMPIC. Thus, the only live argument with respect to personal jurisdiction brought in connection with the Motion to Dismiss concerns whether the Court may exercise personal jurisdiction over the Ohio Plaintiffs' claims against Defendant LMPIC.

In connection with the Motion to Dismiss, the Defendants also advance arguments (not relevant to the instant Motion) with respect to standing and for failure to state claim with respect to some claims. (Doc. No. 27 at 10-13). These arguments are ultimately not germane to the instant Motion, but the Court notes them here for context.

The Court also notes that with respect to Plaintiff Aqeel, the briefing on the Motion to Dismiss did *not* contest that the Court could exercise personal jurisdiction over Defendant LIC with respect to Plaintiff Aqeel's claims.

[7] A copy of the entire docket sheet of the Ohio Action may be found at Docket No. 139-2 on the docket of the instant action.

Plaintiffs filed their complaint in the Ohio Action on November 23, 2020,[8] and asserted effectively the same claims therein which the Ohio Plaintiffs assert against Defendant LMPIC in this action. On December 17, 2020, the Ohio Plaintiffs voluntarily dismissed the Ohio Action via a notice of voluntary dismissal.[9] It neither appears nor has been argued by any party herein that the notice of voluntary dismissal did not properly serve (precisely as intended and as prescribed by law)[10] to dismiss the Ohio Action effective as of the time of its filing. The Ohio Plaintiffs, along with the other Original Plaintiffs, subsequently filed the Complaint to initiate the instant action.

    b. *Holmes Litigation*

Also prior to the commencement of the instant action, another class action alleging improper withholding of ACV payments was filed in the Middle District of Tennessee. *See Holmes v. LM Ins. Corp.*, No. 3:19-CV-00466 (M.D. Tenn.).[11] In that action (hereinafter, "*Holmes* Action"), various Liberty Mutual entities, including Defendant LIC, *but not Defendant LMPIC*, were named as defendants. (*Holmes* Doc. No. 40). And in the *Holmes* Action, those Liberty Mutual entities (including Defendant LIC, but again *not Defendant LMPIC* (unsurprisingly, as it was not a defendant in the *Holmes* Action)), conceded that the district court could exercise personal jurisdiction over them. (*Holmes* Doc. No. 42 at ¶ 14).

---

[8] A copy of the complaint in the Ohio Action may be found at Docket No. 139-1 on the docket of the instant action.

[9] A copy of the notice of voluntary dismissal may be found at Docket No. 139-3 on the docket of the instant action.

[10] A notice of voluntary dismissal is "self-effectuating, leaving no basis upon which the District Court can prevent such a dismissal," and is "effective immediately upon . . . filing." *Aaomi v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993); see also *Wellfount Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020) ("Under Rule 41(a)(1)[A(i)], a qualifying plaintiff has an absolute right to withdraw its action and, once a notice of dismissal is filed, a district court 'has no discretion to deny such a dismissal.'" (quoting *Aamot*, 1 F.3d at 443)).

[11] The Court will cite any docket entry in the *Holmes* Action as: (*Holmes* Doc. No. _).

c.  *Massachusetts Cases*

Concurrently with the instant action, three related actions were brought in the United States District Court for the District of Massachusetts. These are: *Glasner v. Am. Econ. Ins. Co.*, 1:21-CV-11047 (D. Mass.) ("*Glasner* Action"); *Fassina v. Liberty Mut. Fire Ins. Co.*, 1:22-CV-11466 (D. Mass.) ("*Fassina* Action"); and *Stanley v. Am. Econ. Ins. Co.*, Cause No. 1:24-CV-10622 (D. Mass.) ("*Stanley* Action," and collectively with the *Glasner* Action and the *Fassina* Action, the "Massachusetts Cases."). The Massachusetts Cases were also brought against various Liberty Mutual entities (among other, non-Liberty Mutual, defendants). Without delving too deeply into the Massachusetts Cases and what makes them fairly characterized as related to the instant action, the Court notes that Defendant-Movants concede that "the plaintiffs in the Massachusetts Cases similarly [to the instant action] assert theories of breach of contract based on the supposed application of labor depreciation"—i.e., assert that ACV payments were improperly withheld from policyholders. (Doc. No. 139 at 6). *See also Stanley v. Am. Econ. Ins. Co.*, No. 24-CV-10622-DJC, 2025 WL 509498, at *3 (D. Mass. Feb. 14, 2025) (noting that the *Stanley* Action, like the *Glasner* Action and the *Fassina* Action, challenges "withholding labor costs from ACV payments.").

3.  Plaintiffs' Motion and the Parties' Arguments

As discussed above, via the Motion, Plaintiffs request that the Court transfer this entire action to the United States District Court for the District of Massachusetts, Boston Division. Plaintiffs argue specifically that the interest of justice favor transfer because the Ohio Plaintiffs "will be prejudiced by a dismissal without prejudice for lack of personal jurisdiction due to the suit limitations clauses in their insurance policies." (Doc. No. 132 at 20). Plaintiffs further argue that the pendency of the ongoing Massachusetts Cases makes transfer of this action to the District of Massachusetts necessary to prevent duplicative and wasteful use of judicial resources. (*Id.* at

22-24). Finally, Plaintiffs also argue that "[t]ransfer of the entire case to Massachusetts where personal jurisdiction exists over all three Defendants is warranted" to avoid piecemeal litigation, "even though it is undisputed that this Court has personal jurisdiction over [Plaintiff] Aqeel's claims against [Defendant] LIC." (*Id.* at 24).

Conversely, Defendant-Movants argue that the interest of justice "compels denial of the transfer motion." (Doc. No. 139 at 6). Defendant-Movants' argument that the Motion should be denied focuses on the Ohio Plaintiffs' course of conduct—i.e., first bringing the Ohio Action in the United States District Court for the Southern District of Ohio and subsequently filing the instant action in the Middle District of Tennessee, where personal jurisdiction over Defendant LMPIC (according to Defendant-Movants) is lacking. (*Id.* at 6-13). At base, Defendant-Movants argue that transfer is unwarranted here because, by bringing the Ohio Action first in the Southern District of Ohio and *then* filing in the Middle District of Tennessee, the Ohio Plaintiffs "caused their alleged misfortune" (in the form, presumably, of facing the Motion to Dismiss for lack of personal jurisdiction, their claims potentially being subject to dismissal, and then having major limitations issues so as to imperil subsequent (re)filing elsewhere even if dismissal in this Court is without prejudice). (*Id.* at 10). Defendant-Movants also argue, with respect to Plaintiff Aqeel's claims in particular, that transfer is unwarranted first because Plaintiff Aqeel should have moved to transfer under 28 U.S.C. § *1404(a)* (and in any event, did not meet his burden to show that transfer is warranted under that statute), and second because non-transfer of Plaintiff Aqeel's claims will not result in piecemeal litigation. (*Id.* at 13-14).[12]

---

[12] Plaintiffs and Defendant-Movants also brief the issue of whether a stay is warranted in the event that the Court does not grant the Motion to the extent it requests a change of venue. Because the Court, for the reasons discussed herein, grants Plaintiffs' request for a change of venue, the Court does not address the arguments with respect to the requested stay herein.

LEGAL STANDARD

Three federal statutes provide the Court with authority to transfer a case to another district. *In re RealPage, Inc., Rental Software Antitrust Litig.*, No. 3:23-CV-00742, 2024 WL 993302, at *4 (M.D. Tenn. Mar. 7, 2024). These are 28 U.S.C. § 1404(a) (hereinafter, sometimes, "Section 1404(a)"), 28 U.S.C. § 1631 (hereinafter, sometimes, "Section 1631") and 28 U.S.C. § 1406(a) (hereinafter, sometimes, "Section 1406(a)"). *In re RealPage, Inc.*, 2024 WL 993302, at *4. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1631 provides for a transfer of venue where the "court finds that there is a want of jurisdiction," and where "it is in the interest of justice" to "transfer such action." Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Notably, although the plain language of Section 1406(a) contemplates transfer only in the case of an action filed in a jurisdiction where venue is improper, the Sixth Circuit has interpreted the statute broadly, providing that Section 1406(a) "provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought."[13] *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).

---

[13] The language in *Martin*, though somewhat unclear, may suggest that the Sixth Circuit was contemplating transfer under Section 1406(a) when a district court is faced with a purported lack of personal jurisdiction specifically over *all* defendants (unlike here, where the Court is considering transfer when faced with a purported lack of personal jurisdiction over *just one of multiple* defendants—Defendant LMPIC). Nonetheless, the Court discerns that the principles underlying *Martin*—namely that it is better to transfer a case rather than face an obstacle to adjudication on the merits—is applicable in the instant action, where (as will be explained below) the Court is contemplating transfer of an entire action due to a purported lack of personal jurisdiction over just one of the defendants.

The Sixth Circuit has further clarified that transfer may be carried out under this statute to avoid "either improper venue or lack of personal jurisdiction." *Id.*

Ultimately, if too fine a line is drawn between these statutes, the distinction drawn may be one without a difference. Plaintiffs have brought their Motion under 28 U.S.C. § 1406(a), but "[r]egardless of which specific provision applies . . . the ultimate inquiry under all three statutes is the same: (1) whether the action 'might have been brought' or 'could have been brought' in the proposed transferee district at the time it was first filed, and (2) whether transfer is in the 'interest of justice.'" *In re RealPage, Inc.*, 2024 WL 993302, at *5 (citing *Parker v Hazelwood*, 2019 WL 4261832, at *6 (D.N.H. Sept. 9, 2019); *Gerena v. Korb*, 617 F.3d 197, 205 & n.2 (2d Cir. 2010)). *See also Flynn v. Greg Anthony Const. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003) ("Although each [venue transfer statute] is worded differently and each covers distinct situations, they all state the position that cases should be transferred only when it is in the interests of justice.").[14] Importantly, the venue-transfer statutes "confer [upon the court] broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009). Crucially for purposes of the instant Motion—which comes in the face of a pending motion to dismiss (i.e., the Motion to Dismiss) brought (predominantly) for lack of personal jurisdiction—courts may transfer an action without first deciding extant personal-jurisdiction issues, such as those that are presented in a pending motion to dismiss. *See e.g., In re RealPage, Inc.*, 2024 WL 99302, at *4 ("A district court may transfer an action in which personal jurisdiction is in question without first deciding the jurisdictional issue." (quoting *Grajeda v. Aeroil Prods. Co. Inc.*, No. 96 Civ. 0534 PKL, 1999 WL 756507, at *3 (S.D.N.Y. Sept. 23, 1999))); *Panaro v. United Airlines, Inc.*, 4:23-CV-45, 2024 WL 4291495, at *1 (E.D. Tenn. Sept. 25, 2024) (considering whether to transfer venue before

---

[14] Because the analyses under the various statutes are substantively the same, below the Court will at times cite cases discussing transfer in the context of Section 1404(a) and Section 1631.

dismissing for lack of personal jurisdiction because "a transfer of venue . . . would render the personal jurisdiction issue moot."); *Goode v. City of Southaven*, No. 16-02029, 2017 WL 11316500, at *5 (W.D. Tenn. Mar. 30, 2017) ("A district court may rule on a motion to dismiss for improper venue or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) without first ruling on a pending motion to dismiss for lack of personal jurisdiction." (citing *Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 585 (E.D. Pa. 2003))). Similarly, a transferring court need not decide a pending motion for summary judgment (like the one in this case) before transferring an action. *See Sipler v. Trans Am Trucking, Inc.*, No. 3:08-CV-1611, 2010 WL 11677615, at *2 (M.D. Pa. July 13, 2010) ("Therefore, this Court will transfer this case to the United States District Court for the District of New Jersey and will preserve the Motion for Partial Summary Judgment for [the] transferee court of proper venue."). Finally, some Sixth Circuit guidance suggests that when moving for a transfer of venue in circumstances such as these—where there is pending a motion to dismiss for lack of personal jurisdiction—a plaintiff[15] bears the burden of proving the grounds for transfer. *Stanifer*, 564 F.3d at 459 n.1 (noting that "case law in this circuit" clearly provides that plaintiff has the burden of establishing jurisdiction and that "in the absence of the ability to establish jurisdiction in the district in which the complaint was filed and faced with a motion to dismiss, it seems clear that the plaintiff would have the burden of proving grounds for a transfer.").The Court discerns that *Stanifer* perhaps does *not* stand for the proposition that the plaintiff-movant bears this burden where (like here) plaintiffs do not suffer from *a complete* "absence of the ability to establish jurisdiction in the district in which the complaint was

---

[15] It is not lost on the Court that the instant Motion is relatively unusual in that it is not any *defendant* that seeks to transfer venue from the specific court selected by the plaintiffs, but rather the *plaintiffs* who seek to transfer venue from the particular court that they themselves selected. The Court keeps this reality squarely in mind.

filed," but rather at most suffer from a lack of jurisdiction over just one of multiple defendants. But even assuming that *Stanifer* does impose the burden on Plaintiffs in this action to establish the grounds for transfer, Plaintiffs have met that burden.

Though the analysis of a motion to transfer venue is much the same regardless of which of the three venue-transfer statutes has been invoked, that does not mean that the identity of the statute invoked is irrelevant to the analysis. Specifically, it can be relevant to the analysis because if in fact a case is transferred under a particular statute, the statute potentially can govern the substantive choice-of-law analysis to state-law claims asserted in the case. And indeed, it is relevant here because the Complaint asserts state-law claims for breach of contract. (Doc. No. 1 at ¶¶ 107-118).

When a case is transferred under Section *1406(a)* or Section *1631*, "then the state law of the *transferee* district court applies [to state-law claims]." *LeafFilter North, LLC v. Home Craft Builders, Inc.*, 487 F. Supp. 3d 643, 651 n.5 (N.D. Ohio 2020) (quoting *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015)) (emphasis added). However, when the transfer is conducted under 28 U.S.C. § *1404(a)*, the state law of the transferor court applies. *Id.*

Here, as noted above, Plaintiffs bring their Motion under Section 1406(a). There is no dispute that with respect to the Ohio Plaintiffs (and their claims against Defendant LMPIC) Plaintiffs' Motion is properly brought under 28 U.S.C. § 1406(a) because it is premised on this

Court's (purported)[16] lack of personal jurisdiction over Defendant LMPIC.[17] *See Martin*, 623 F.2d at 474 ("The law in this Circuit, therefore, is that § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction.").

Still, this leaves Plaintiff Aqeel and his claims against Defendant LIC. Neither Plaintiffs nor Defendant-Movants contend that this Court lacks personal jurisdiction over Defendant LIC (and thus Plaintiff Aqeel's claims)—or for that matter that venue is improper as to Defendant LIC or as to Plaintiff Aqeel's claims (i.e., seemingly the only claims) against Defendant LIC. (Doc. No. 132 at 24; Doc. No. 139 at 13). This would at first blush suggest (as Defendant-Movants indeed argue) that with respect to Plaintiff Aqeel's claims against Defendant LIC, the Motion would have been better brought (and granted, if granted) under 28 U.S.C. § 1404(a). However, even when courts may exercise personal jurisdiction over some defendants (or where venue is proper as to certain claims or certain defendants), courts frequently transfer an entire case pursuant to 28 U.S.C. § 1406(a). *See Costaras v. NBC Universal Inc.*, 409 F. Supp. 2d 897, 908 (N.D. Ohio

---

[16] The Court says "purported" here (and elsewhere) primarily because Defendants' Motion to Dismiss is based on what Defendants purport to be a lack of jurisdiction. For their part, in their response to the Motion to Dismiss, the Original Plaintiffs do not affirmatively argue that the Court may exercise personal jurisdiction over the Ohio Plaintiffs' claims against Defendant LMPIC (or for that matter that venue is proper in this district, either). (Doc. No. 49). Furthermore, in their Response to the instant Motion, Defendant-Movants assert that "Plaintiffs concede that this Court lacks personal jurisdiction over LMPIC as to the Ohio Plaintiffs' claims." (Doc. No. 139 at 7). And Plaintiffs make no effort in their Reply to directly rebut this assertion. It thus appears to the Court that Plaintiffs do not now dispute a lack of personal jurisdiction over Defendant LMPIC in this Court. Nevertheless, the Court refers to a merely *purported* lack of personal jurisdiction because, as explained further below, the Court is merely assuming for current purposes (without deciding) that it lacks jurisdiction over Defendant LMPIC.

[17] This is true even if the Court ultimately lacks personal jurisdiction over Defendant LMPIC. *See e.g., Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) ("Unlike section 1404(a), however, section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case.").

2005) (noting that "Section 1406(a) authorizes the district court to transfer a case to avoid an obstacle to adjudication on the merits due to lack of personal jurisdiction or improper venue" and that in "situations where venue is proper for one defendant but not for another, the court may transfer the entire case to another district that is proper for both defendants or sever the claims," before then concluding that transfer of the entire case to another district was warranted even though the court had personal jurisdiction over one of the three defendants). *Cf. Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 813 (E.D. Mich. 2000) (noting that even where venue is proper as to at least one defendant, a court may "(1) dismiss this action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue is proper for all Defendants pursuant to *28 U.S.C. § 1406(a),* or (3) sever the claims in the case, retain jurisdiction over the Defendant for whom venue is proper, and transfer the other claims." (emphasis added)).

Thus it follows that when a court lacks personal jurisdiction as to only one or more but fewer than all of the defendants in an action, the court has three options on a motion under Section 1406(a). As this Court put it three years ago, a court may "(1) dismiss this action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue [and personal jurisdiction are] proper for all Defendants pursuant to 28 U.S.C. § 1406(a), or (3) sever the claims in the case, retain jurisdiction over the Defendant[s] for whom venue [, and personal jurisdiction, in the court] is proper, and transfer the other claims." *Lea v. Vilsack*, No. 3:21-CV-00468, 2023 WL 1141833, at *2 (M.D. Tenn. Jan. 30, 2023), *aff'd sub nom. Lea v. U.S. Dep't of Agric.*, No. 23-5169, 2024 WL 841436 (6th Cir. Feb. 28, 2024). *See also Paragon Component Sys., LLC v. Qualtim, Inc.*, No. 1:24-CV-246, 2025 WL 1397196, at *6 (E.D. Tenn. Mar. 6, 2025) (considering, after determining that the court lacked personal jurisdiction over some defendants, whether to "sever and transfer only those parties [that the court] lacks jurisdiction over."). *Cf. Costaras*, 409

F. Supp. 2d at 908 ("In situations where venue is proper for one defendant but not for another, the court may transfer the entire case to another district that is proper for both defendants or sever the claims."). In the context of this case then (and as explained in more detail in the footnotes below), there are really three options for the Court: (1) dismiss the claims against Defendant LMPIC (assuming, as discussed below, that the Court may not exercise personal jurisdiction over Defendant LMPIC)[18]; (2) transfer the entire action; or (3) sever the claims in this case, transferring the claims over which the Court may not exercise jurisdiction and over which venue is improper, and retaining the other claims.

Therefore, the Court will proceed below as follows: (1) the Court will consider whether this entire action should be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1406(a)—thereby meaning that the state law of the transferee court, the District of Massachusetts, will apply to this action—in line with the interest-of-justice standard discussed above, and (2) if the interest of justice do not support the transfer of this entire action, then the Court will consider whether to dismiss the claims of the Ohio Plaintiffs and consider whether severance of the claims of the Ohio Plaintiffs and Plaintiff Aqeel is appropriate.[19]

---

[18] The Court notes that although the plain language of some of the case law interpreting Section 1406(a) contemplates dismissal of the *entire* action, such an action on the part of the Court would be ill-advised in the instant action for two reasons. First the Court discerns that it *can* exercise personal jurisdiction over Defendant LIC so that there would be no basis for dismissal of Defendant LIC on those grounds, and second neither party (even Defendant-Movants) have requested the dismissal of this *entire* action. In the event, the Court understands this case law to really mean that with respect to the instant action, the Court may consider dismissing the claims of the Ohio Plaintiffs (against Defendant LMPIC) for lack of personal jurisdiction as an alternative to transferring venue.

[19] Some of the language of *Lea*, *Overland*, and *Costaras* also suggests that a Court may sever claims as some sort of alternative to transferring the entire action *even if* transferring the entire action is in the interest of justice (and not just when transfer of the entire case would *not* be interests of justice) and thereby retain the claims over which venue and personal jurisdiction are proper and transferring the other claims. But in this case, the Court declines to consider severing the claims in this manner because, as noted above, the analysis herein calls for an examination of whether it is in the interest of justice to transfer the *entire* action. What the Court will do instead is keep in mind that it would have the option of severing the claims of the

<u>DISCUSSION</u>

1.  <u>Whether this Action Should Be Transferred Under 28 U.S.C. § 1406(a)</u>

As an initial matter, the Court notes that it is assuming, without deciding, that it lacks personal jurisdiction over Defendant LMPIC. *See e.g., In re RealPage, Inc.*, 2024 WL 993302, at *5 (assuming, without deciding, that the Court lacked personal jurisdiction over defendants when considering motion to transfer venue under Section 1406(a)). *Cf. Weiss v. Rizzoli Int'l Publications, Inc.*, 616 F. Supp. 837, 842 (N.D. Ill. 1985) ("Defendants' motion to dismiss for lack of personal jurisdiction need not be decided because, even assuming this Court lacks personal jurisdiction over defendants, the Court has the power to transfer the case to a district where venue is proper and the transferee court has jurisdiction over the defendants."). The Court makes this assumption because Plaintiffs do not appear to argue that this Court may exercise personal jurisdiction over Defendant LMPIC—and of course Defendant-Movants likewise do not so argue.[20]

---

Ohio Plaintiffs from the claims of Plaintiff Aqeel *if it were* to find that transfer of this entire action to the District of Massachusetts is not in the interest of justice. In the Court's view, this is the only workable analytical framework because it would make no sense for the Court: (a) first to conclude that it is in the interest of justice to transfer the *entire* case; and (b) then ask itself whether to sever claims (in which case the entire case would not be transferred even though the Court has concluded that transferring the entire case is in the interest of justice). And here, as explained further below in the Court's analysis, the Court ultimately concludes that transferring this entire case is in the interest of justice. So, the Court will not consider whether severance of these claims is appropriate except, as explained in a footnote below, to the extent that the Court engages in two alternative analyses that ultimately also support the decision of the Court not to sever the claims in this action.

[20] As explained in a footnote above, in their response to the Motion to Dismiss, the Original Plaintiffs do not affirmatively argue that the Court may exercise personal jurisdiction over the Ohio Plaintiffs' claims against Defendant LMPIC (or for that matter that venue is proper in this district, either). (Doc. No. 49). Furthermore, in their Response to the instant Motion, Defendant-Movants assert that "Plaintiffs concede that this Court lacks personal jurisdiction over LMPIC as to the Ohio Plaintiffs' claims." (Doc. No. 139 at 7). And Plaintiffs make no effort in their Reply to directly rebut this assertion.

As noted above, the Court must first consider "whether the action 'might have been brought' or 'could have been brought' in the proposed transferee district at the time it was first filed" and second "whether transfer is in the 'interest of justice.'" *In re RealPage, Inc.*, 2024 WL 993302, at *5. Here, neither Plaintiffs nor Defendant-Movants dispute that this action (including both the claims of the Ohio Plaintiffs and Plaintiff Aqeel) could have been brought in the District of Massachusetts—that is the proposed transferee court. Moreover, the business disclosure statements filed by Defendant LIC (Doc. No. 21) and Defendant LMPIC (Doc. No. 22) state that Massachusetts is the principal place of business of Defendant LIC and Defendant LMPIC, respectively—thereby rendering both personal jurisdiction and venue for this entire action proper in Massachusetts. Accordingly, the Court finds that this action could have been brought in the District of Massachusetts at the time it was first filed. Therefore, the Court will focus its inquiry on whether it would be in the interest of justice to transfer this action to the District of Massachusetts. Below, the Court will first examine the "interest of justice" standard generally, before then applying that standard to the instant case and considering whether transfer of this entire action is in the interest of justice.

    a.   *Interest of Justice Generally*

The "interest of justice" standard is necessarily nebulous and subjective. So, what may appear to be in the interest of justice to one reasonable legal mind may not appear to be in the interest of justice to another reasonable legal mind. Nevertheless, certain guideposts for evaluating a motion under this standard become clear upon an examination of relevant case law. For example, transfer of a case to another venue may be in the interest of justice when such transfer "serves the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *In re RealPage, Inc.*, 2024 WL 993302, at *5 (quoting *Flynn*, 95

F. App'x at 739). The interest of justice especially favors transferring a case rather than dismissing it "if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits." *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009).

The "interest of justice" also turns in part on whether "personal jurisdiction would be obtained in the transferee court." *Flynn*, 95 F. App'x at 739. Moreover, it is relevant to the "interest of justice" inquiry whether defendants would be prejudiced by the transfer, and courts have found that defendants "would not be prejudiced by transfer to districts where they reside, where they conducted their business, or where the acts giving rise to the liability occurred." *In re RealPage, Inc.*, 2024 WL 993302 at *5 (quoting *Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 236 (D.D.C. 2018)). A court should also consider whether transfer will help avoid "piecemeal litigation" and otherwise "advance[e] the parties' interests in completely resolving their dispute." *Stehle v. Venture Logistics, LLC*, No. 3:19-CV-169, 2020 WL 127707, at *9 (S.D. Ohio Jan. 10, 2020). In other words, courts should transfer an action where transfer would help prevent "increased time and expense for the parties and inefficient use of judicial resources." *United Power Line Contractors, LLC v. OnPower, Inc.*, No. 1:13-CV-178, 2013 WL 5960893, at *5 (W.D. Mich. Nov. 7, 2013). *See also Panaro*, 2024 WL 4291495, at *4 ("The general 'interests of justice' and the practical problems of trying the case most expeditiously and inexpensively substantially weigh in favor of transfer.").

Additionally, if a party has a colorable (even if mistaken) contention that personal jurisdiction in a particular district is proper as to the defendants over whom personal jurisdiction is dubious or lacking, this also militates against dismissal and in favor of transfer to a proper district court. *See Pharmerica Corp. v. Advanced HCS LLC*, No. 3:15-CV-213-DJH, 2017 WL 903462, at

*10-11 (W.D. Ky. Mar. 7, 2017) (noting that where plaintiffs "had a colorable argument for personal jurisdiction," over both defendants proper course was transfer of action to court with personal jurisdiction over defendants rather than dismissal of plaintiffs' claims); *In re RealPage, Inc.*, 2024 WL 993302, at *5 (noting that plaintiffs' good-faith arguments in favor of personal jurisdiction weighed against dismissal over transfer). *Cf. LGT Enters., LLC v. Hoffman*, 614 F. Supp. 2d 825, 842 (W.D. Mich. 2009) ("Unless there is evidence that the plaintiff brought the case in this district in bad faith or to harass the defendant, the interest of justice generally requires a transfer rather than dismissal.").

Guiding this "interest of justice" inquiry is a general conception that it is generally better to transfer an action than to dismiss all (or, with respect to the instant action, parts) of an action for lack of personal jurisdiction over some or all defendants. *See e.g., Acree v. Acree*, No. 3:10-CV-00417, 2010 WL 3806147, at *4 (M.D. Tenn. Aug. 24, 2010) ("In general, courts are encouraged to transfer cases rather than dismiss them"), *report and recommendation adopted*, No. 3:10-0417, 2010 WL 3808305 (M.D. Tenn. Sept. 23, 2010); *United Liberty Life Ins. Co. v. Pinnacle W. Cap. Corp.*, 149 F.R.D. 558, 562 (S.D. Ohio 1993) (noting that whether cases should be dismissed or transferred due to improper venue "is within the discretion of the district court" but that "doubts are usually resolved in favor of transferring the action"). *Cf. Hoffman*, 614 F. Supp. 2d at 842 ("Unless there is evidence that the plaintiff brought the case in this district in bad faith or to harass the defendant, the interest of justice generally requires a transfer rather than dismissal.").

b. *Application*[21]

Here, the Court has little difficulty in concluding that it is in the interest of justice to transfer this entire action to the District of Massachusetts. The Court reaches this conclusion first, because, as discussed above, the Court has concluded that "personal jurisdiction would be obtained in the transferee court"—i.e., in the District of Massachusetts as to the Ohio Plaintiffs' claims against Defendant LMPIC and also as to Plaintiff Aqeel's claims against Defendant LIC. *Flynn*, 95 F. App'x at 739.

Second, as Plaintiffs argue (and Defendant-Movants do not contest), Defendant-Movants would not be prejudiced by the transfer to the District of Massachusetts. (Doc. No. 132 at 19-20). As Plaintiffs assert, Defendant-Movants "would not be prejudiced by transfer to districts where they reside [or] where they conducted their business." (*Id.* at 19) (quoting *In re RealPage*, 2024 WL 993302, at *5). And Defendant LIC's and Defendant LMPIC's business disclosure statements concede that the principal places of business for Defendant LIC and Defendant LMPIC, respectively, are in Massachusetts. (Doc. Nos. 21, 22). Accordingly, and because Defendant-Movants do not argue otherwise, the Court can perceive no prejudice that a transfer to the District of Massachusetts would inflict on Defendant LIC or Defendant LMPIC. *Cf. Fam v. Bank of Am.*

---

[21] As noted above, the pending Motion to Dismiss (Doc. No. 26) and the pending Motion for Summary Judgment (Doc. No. 29) do not preclude the Court from considering the possibility of transferring this action now, before considering these pending motions. *See e.g., In re RealPage, Inc.*, 2024 WL 99302, at *4 ("A district court may transfer an action in which personal jurisdiction is in question without first deciding the jurisdictional issue." (quoting *Grajeda*, 1999 WL 756507, at *3))); *Goode*, 2017 WL 11316500, at *5 ("A district court may rule on a motion to dismiss for improper venue or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) without first ruling on a pending motion to dismiss for lack of personal jurisdiction." (citing *Loeb*, 254 F. Supp. at 585))); *Sipler*, 2010 WL 11677615, at *2 ("Therefore, this Court will transfer this case to the United States District Court for the District of New Jersey and will preserve the Motion for Partial Summary Judgment for [the] transferee court of proper venue.").

*NA (USA)*, 236 F. Supp. 3d 397, 409 (D.D.C. 2017) ("Generally, defendants are not significantly prejudiced by transfer.").

Third, as Plaintiffs also argue (and as Defendant-Movants *also* do not contest), the Ohio Plaintiffs (though not Plaintiff Aqeel) could be significantly prejudiced if the Court declines to transfer this action to the District of Massachusetts. Plaintiffs assert that the Ohio Plaintiffs' claims may be subject to "suit limitations" clauses in their insurance policies, (Doc. No. 132 at 8), so that if the Court were to dismiss the Ohio Plaintiffs' claims against Defendant LMPIC for lack of personal jurisdiction, then the Ohio Plaintiffs may be subject to suit limitations defenses if they were to refile their claims in the District of Massachusetts after dismissal. (*Id.* at 8, 20). The potential invocation of these limitation defenses (which could prevent the adjudication of the Ohio Plaintiffs' claims against Defendant LMPIC on the merits) plainly weighs in favor of transfer. *Cf. Jackson*, 421 F. App'x at 484 (6th Cir. 2009) (noting that the interest of justice weigh in favor of transfer "if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits."); *In re RealPage, Inc.*, 2024 WL 993302, at *5 (noting that transfer furthers the interest of justice when transfer "serves the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds."). As noted above, Defendant-Movants do not contest that the Ohio Plaintiffs could be prejudiced by the Court declining to order a transfer in this action. Rather, Defendant-Movants argue that whatever "prejudice that may befall the Ohio Plaintiffs is of their own making [that is, by previously forgoing filing their claims in the District of Massachusetts and instead bringing and then voluntarily dismissing the Ohio Action, before then filing suit in this Court], given their decision to leave a court [the Southern District of Ohio] that unquestionably had personal jurisdiction to

pursue the same claims in a court that unquestionably is without it." (Doc. No. 139 at 10). As the Court will discuss below, this argument is unavailing because the Ohio Plaintiffs had a colorable (even if ultimately unpersuasive) basis for the assertion that this Court could exercise personal jurisdiction over Defendant LMPIC. So, the Court concludes that the potential prejudice that would result to the Ohio Plaintiffs by not transferring their claims also weighs in favor of transfer and against dismissal.

Plaintiffs also point to the ongoing Massachusetts Cases as weighing in favor of transfer, arguing that permitting this action and the Massachusetts Cases to proceed in two separate district courts would lead to a duplication of judicial efforts and inefficient use of judicial resources. (Doc. No. 132 at 22-24). *Cf. Panaro*, 2024 WL 4291495, at *4 ("the practical problems of trying the case most expeditiously and inexpensively substantially weigh in favor of transfer."). Defendant-Movants draw contrasts between the Massachusetts Cases and this action, and argue that these differences mean that the existence of the Massachusetts Cases does not necessarily support a transfer of this action to the District of Massachusetts. (Doc. No. 139 at 5-6). However, as noted above, the Court will not delve into the minutiae of the similarities (or lack thereof) between the Massachusetts Cases and the present action, because even Defendant-Movants concede that the "plaintiffs in the Massachusetts Cases similarly [to the Plaintiffs in this action] assert theories of breach of contract based on the supposed application of labor depreciation." (*Id.* at 6). The point thus conceded supports the conclusion that consolidating similar claims in a single court (that is, in the District of Massachusetts) will surely save judicial resources by ensuring that similar claims can be tried by a judge that has accrued expertise and knowledge in adjudicating those claims and will likewise serve to permit a more expeditious and inexpensive resolution of the Ohio Plaintiffs'

claims. *See Panaro*, 2024 WL 4291495, at *4. Thus, the Court finds that the existence of the Massachusetts Cases also weighs in favor of transfer.

Defendant-Movants argue extensively that transfer is unwarranted here because of the Ohio Plaintiffs' decision to first bring the Ohio Action before voluntarily dismissing the Ohio Action and then bringing the instant case in this Court. (Doc. No. 139 at 6-13). Essentially, relying predominantly on a Sixth Circuit case, *Stanifer v. Brannon*, 564 F.3d 455 (6th Cir. 2009), Defendant-Movants argue that denial of transfer is strongly supported by the Ohio Plaintiffs' conduct here—i.e., as noted elsewhere, first bringing the Ohio Action in the United States District Court for the Southern District of Ohio and subsequently filing the instant action in the Middle District of Tennessee, where (the Court assumes *arguendo*) personal jurisdiction over Defendant LMPIC is lacking. However, this argument is unavailing.

As an initial matter, the *Stanifer* case is plainly distinguishable. *Stanifer* involved an appeal from a district court's denial of a plaintiff's motion to transfer venue pursuant to 28 U.S.C. § 1406(a) and § 1631 and the subsequent granting of a motion to dismiss that plaintiff's claims for lack of personal jurisdiction. *Stanifer*, 564 F.3d at 456. The Sixth Circuit ultimately affirmed the district court's decision, finding that the plaintiff in *Stanifer* "failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue—and no reason at all for failing to file in the proper district." *Id.* at 458. The Sixth Circuit further noted that generally cases are transferred (rather than dismissed) under 28 U.S.C. § 1406(a) and § 1631 when these cases involve "an assertion of subject-matter or personal jurisdiction that provided some arguable," even if misplaced, "basis for thinking that the action was properly brought in the district in which it was originally filed." *Id.* at 460. Here, for two reasons, the Ohio Plaintiffs did have an objectively reasonable (though ultimately, the Court assumes *arguendo*, misplaced) basis for their contention

that personal jurisdiction over the Ohio Plaintiffs' claims (which, as noted above, are solely against Defendant LMPIC) is proper in this district.

First, Plaintiffs contend that they relied in part on the *Holmes* Action, where, as noted above various Liberty Mutual entities, though not Defendant LMPIC, conceded they were subject to personal jurisdiction in the Middle District of Tennessee, (*Holmes* Doc. No. 42 at ¶ 14), when deciding to bring the instant action in this district and for their contention that personal jurisdiction was proper over Defendant LMPIC in this district. (Doc. No. 132 at 6) (citing Doc. No. 48 at ¶ 7). Even if the purported reliance on this concession in the *Holmes* Action was ultimately misplaced, this reliance presents exactly the "colorable argument for personal jurisdiction," that weighs in favor of this Court transferring this action rather than dismissing the Ohio Plaintiffs' claims. *Pharmerica Corp.*, 2017 WL 903462, at *10-11. *See also In re RealPage, Inc.*, 2024 WL 993302, at *5 (noting that plaintiffs' good-faith arguments in favor of personal jurisdiction weighed against dismissal over transfer). Second, Plaintiffs also contend that they relied on "the fact that each Defendant was registered and licensed to do business within the State of Tennessee at the time Plaintiffs commenced this action," when bringing the instant action in this Court and for their contention that personal jurisdiction as to Defendant LMPIC was proper. (Doc. No. 132 at 7). Again, even if this purported reliance was misplaced (for the reasons Defendant-Movants persuasively make out in their Response), this sort of assertion that personal jurisdiction is proper is the sort of colorable argument supporting personal jurisdiction that warrants transferring this action rather than dismissing the Ohio Plaintiffs' claims. At base, there is no evidence of "bad faith or [harassment]" on the part of the Ohio Plaintiffs in bringing the instant action in this Court such as to warrant the Court dismissing the Ohio Plaintiffs' claims as opposed to transferring them (along with the entire action) to the District of Massachusetts. *Cf. Hoffman*, 614 F. Supp. 2d at 842

("Unless there is evidence that the plaintiff brought the case in this district in bad faith or to harass the defendant, the interest of justice generally requires a transfer rather than dismissal.").

Second, to the extent that Defendant-Movants accuse the Ohio Plaintiffs of forum shopping by now seeking to transfer their claims to the District of Massachusetts, and further argue that this is another reason for the Court to deny the requested transfer, (Doc. No. 139 at 9), this argument is not persuasive for the simple reason that the forum shopping that courts typically seek to discourage almost invariably involves a party receiving an *adverse ruling in one court and then seeking to hightail it to another court in an effort to avoid that adverse ruling*. *See e.g., Apartment Insiders, LLC v. Hensen*, No. 3:25-CV-01137, 2025 WL 3006752, at *7 n.9 (M.D. Tenn. Oct. 27, 2025) ("The Court generally does not begrudge counsel making choices about where to litigate that are driven by a desire to maximize their client's possibility of success . . . what the Court does begrudge counsel is hightailing it out [of a] chosen forum promptly after being denied requested relief in that forum, and going instead to a different forum to seek the same relief. The latter scenario is patent forum shopping of a kind courts should not countenance."); *In re Junk*, 512 B.R. 584, 586 (Bankr. S.D. Ohio 2014) ("Finally, this appears to be a classic case of forum shopping by [a party], who after receiving on adverse ruling after another in the state court, are rehashing in this adversary proceeding the very same arguments they made in [state court]."), *aff'd sub nom. Junk v. CitiMortgage, Inc.*, No. 2:14-CV-1428, 2015 WL 14025962 (S.D. Ohio Aug. 28, 2015), *aff'd*, No. 15-3986, 2016 WL 11900483 (6th Cir. May 19, 2016)). Here, there is no evidence that the Ohio Plaintiffs seek to escape a previous adverse ruling in this Court by transferring their claims to the District of Massachusetts, and Defendant-Movants do not argue otherwise.[22]

---

[22] And to the extent Defendant-Movants also argue that the Ohio Plaintiffs engaged in forum shopping by first filing the Ohio Action and then filing *here*, that argument is unavailing for the same reasons noted above. There is no indication that the Ohio Plaintiffs dismissed the Ohio Action and filed the Complaint in

Moreover, as noted above, the use of Section 1406(a) to transfer claims rather than subjecting claims to a potential future dismissal based on lack of personal jurisdiction is plainly permissible and does not constitute the forum shopping courts should discourage; indeed if such conduct *were* treated as forum shopping, that would undercut the entire purpose of Section 1406(a), which "provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought." *Martin*, 623 F.2d at 474. Accordingly, Defendant-Movants' argument on this point is unavailing.

For the reasons discussed herein, and guided by the proposition that doubts about whether to dismiss or transfer an action "are usually resolved in favor of transferring," *United Liberty Life Ins. Co.*, 149 F.R.D. at 562, the Court finds Plaintiffs have met their burden (assuming, as noted above, that the burden is on Plaintiffs with respect to the instant Motion) to justify transferring this action to the District of Massachusetts and the Court concludes that the interest of justice favor transferring this action to the District of Massachusetts.

---

this Court to escape an adverse ruling in the Southern District of Ohio, and Defendants do not argue otherwise. Indeed, a review of the copy of the docket sheet in the Ohio Action filed at Docket No. 139-2 reveals that the Ohio Action was voluntarily dismissed less than a month after being filed, without any adverse rulings having been made against the Ohio Plaintiffs. (Doc. No. 139-3).

Accordingly, the Court will transfer this entire action to the District of Massachusetts.[23]

---

[23] To be clear (and to the extent that Defendant-Movants argue that the claims of the Ohio Plaintiffs and Plaintiff Aqeel should be severed), the Court emphasizes that it will not sever the claims of the Ohio Plaintiffs and Plaintiff Aqeel. This is for three reasons.

First, as noted at some length in the footnote above, it would be inconsistent for the Court first to conclude that it is in the interest of justice to transfer this *entire case* (as the Court has indeed done here) and *decline* to transfer the entire case and instead sever the claims of the Ohio Plaintiffs and Plaintiff Aqeel, *retain* the claims of Plaintiff Aqeel in this Court, and transfer (to the District of Massachusetts) *only* the claims of the Ohio Plaintiffs.

Second, it is true that some courts consider—separate from whether it is in the interest of justice to transfer an entire action—whether claims should be severed within the interest-of-justice framework discussed above. *Cf. Costaras*, 409 F. Supp. at 908 ("The interests of justice would be served by transferring the entire case to a district where all parties may be joined in one suit rather than in severing the claims."). However, even if the Court were to consider (alternatively) whether the claims in this action should be severed within the interest-of-justice framework, the result would be much the same as if the Court did not consider this alternative. That is because the Court can discern no prejudice to Defendant-Movants should Plaintiff Aqeel's claims be transferred to the District of Massachusetts (and Defendant-Movants highlight none in their Response) and because (as discussed herein) considerations of judicial efficiency also weigh in favor of transferring this entire action as opposed to severing the claims.

Third, some courts also consider severance within the framework of Fed. R. Civ. P. 21, and consider the following five factors when evaluating whether severance is appropriate:

> (1) Whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Paragon*, 2025 WL 1397196, at *6-7 (quoting *E.C. v. Choice Hotels Int'l, Inc.*, No. 2:22-cv-3811, 2024 WL 1142162 (S.D. Ohio Mar. 15, 2024)) (quotation marks omitted) (considering whether to sever claims after determining transfer of venue is warranted as to some defendants). *See also In re Hotel TVPRA Litig.*, No. 2:22-CV-1924, 2023 WL 3075851, at *14 (S.D. Ohio Apr. 25, 2023) (quoting *Reynolds v. Merck Sharp & Dohme Corp.*, No. 3:15-CV-397, 2016 WL 3090951, at *3 (N.D. Ohio June 2, 2016)) (same).

Yet if the Court (alternatively) were to apply these factors, they plainly weigh against severance and in favor of transferring this entire action to the District of Massachusetts. Although the claims of Plaintiff Aqeel and the Ohio Plaintiffs may not "arise out of the same transaction or occurrence" (insofar as they involve disputes concerning insurance policies entered into with separate entities, i.e., Defendant LIC and Defendant LMPIC, respectively) the claims presented by both Plaintiff Aqeel and the Ohio Plaintiffs clearly present some common questions of law or fact in that these claims all arise out of a dispute over withheld labor costs. (Doc. No. 132 at 5) (citing Doc. No. 1 at ¶¶ 6-9, 67-84, 86). Moreover, the Court perceives that transferring the entire case (as opposed to severing the claims) would be in the interest of judicial efficiency because, as previously noted, the claims raised by Plaintiff Aqeel are similar to both the claims raised by the Ohio Plaintiffs and the claims in the Massachusetts Cases. *See Paragon*, 2025 WL 1397196, at *7 ("Rather than invite [ ] unnecessary duplication of efforts [through severance], the Court finds that the better course is to transfer the entire case."); *In re Hotel TVPRA Litig.*, 2023 WL 3075851 at *14 ("This Court finds that judicial efficiency does not support severance[, because] [t]he claims . . . arise out of the same alleged harm to Plaintiffs. Severing the claims and transferring them to two distinct jurisdictions would be

CONCLUSION

For the reasons described herein, the Court will **GRANT** Plaintiffs' Motion (Doc. No. 131). The other motions pending in this action (Doc. Nos. 26, 29, 144) will remain pending for the transferee court to consider.[24]

An appropriate accompanying order will be entered.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

unlikely to further judicial economy since many of the same witnesses and documentary proof would be offered against each defendant.").

Moreover, the Court cannot discern (and the parties do not highlight) any prejudice that would be avoided by severing the claims in this action. Finally, even if the claims of the Ohio Plaintiffs and Plaintiff Aqeel may require "different witnesses and documentary proof," the Court perceives that this fact does not dictate that the Court sever the claims, particularly in light of the other factors discussed above weighing against severance. And thus, "[r]ather than invite [any] unnecessary duplication of efforts" by severing the claims in this action, the Court would conclude (applying the Rule 21 factors) that the better course is to transfer the entire case to the District of Massachusetts. *Cf. Paragon*, 2025 WL 1397196, at *7.

Accordingly, the Court can find no basis for severance and will not sever the claims of the Ohio Plaintiffs from the claims of Plaintiff Aqeel.

[24] This includes the pending Motion to Dismiss at Docket No. 26. Although the Motion to Dismiss is made predominantly on lack-of-personal-jurisdiction grounds (and thereby, at least in part, mooted by this Memorandum Opinion and the order to be entered), the Motion to Dismiss also asserts other grounds for dismissal, which remain pending irrespective of the Court's ruling on the instant Motion.